UNITED STATES of America, Plaintiff–Appellee,

v.

Daniel Everette KING, Defendant–Appellant.

No. CR 88–1161.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 1988.

Decided July 1, 1988.

As Amended Aug. 9, 1988.

Susan Rafanti, Oakland, Cal., for defendant-appellant.

Sandra L. Teters, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before GOODWIN, Chief Judge, ALDISERT *, and NORRIS, Circuit Judges.

PER CURIAM:

Daniel Everette King appeals a sentence of 14 months imprisonment, arguing that

---

* The Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

his sentence could not have exceeded six months under a proper application of the newly adopted Sentencing Guidelines.

On December 6, 1987, the defendant ignited a newspaper and put it into a United States mail collection box in Oakland, California, causing the mail inside to catch fire. Later that day, the defendant admitted that he had started the fire in order to destroy a letter that he had mailed to his girlfriend.

On January 28, 1988, the defendant pleaded guilty to count one of the indictment, which charged a violation of 18 U.S. C. § 844(i) (Supp. IV 1986). The government at that time agreed to the dismissal of count two of the indictment, which charged a violation of 18 U.S.C. § 1705 (1982). On April 4, 1988, the district court imposed a sentence of 14 months imprisonment and two years supervised release with conditions of psychiatric counseling. This expedited appeal followed.

This case presents a narrow question concerning the interpretation of a section of the Federal Sentencing Guidelines of the Sentencing Reform Act of 1984, which were issued pursuant to 28 U.S.C. § 994(a) (Supp. II 1984) and went into effect on November 1, 1987. *See* 18 U.S.C. § 3551 *et seq.* (Supp. IV 1986). We review the record to "determine whether the sentence ... was imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(d)(2) (Supp. IV 1986).

The Sentencing Guidelines set a base offense level of six for the crime of arson. *See* United States Sentencing Commission, Guidelines Manual, § 2K1.4(a) (1987). The district court granted the defendant a two-level reduction to level four because it found that he had accepted responsibility for his offense. *See id.,* § 3E1.1(a).

On appeal, the only issue is whether the district court erred in increasing the defendant's offense level by seven levels to level 11 on the ground that § 2K1.4(b)(4) was applicable to the case. Under the Sentencing Guidelines, individuals in the defendant's criminal history category (III) must be sentenced to between 12 and 18 months for committing a level 11 offense. *See id.,* Ch. 5, Pt. A. If the defendant

committed a level four offense, he could have been sentenced to no more than six months imprisonment. *See id.*

Under § 2K1.4(b)(4), a defendant's offense level must be increased by seven levels

[i]f [he] used fire or an explosive to commit another offense that is a felony under federal law, or carried explosives during the commission of any offense that is a felony under federal law (*i.e.,* the defendant is convicted under 18 U.S.C. § 844(h)).

The defendant argues that this guideline does not apply because its use of the parenthetical clause "(*i.e.,* the defendant is convicted under 18 U.S.C. § 844(h))" expressly limits its application to cases where the defendant has been convicted of violating § 844(h). We agree.

The term *i.e.* is the abbreviation for the Latin term *id est,* meaning "that is." *See* H. Black, *Black's Law Dictionary* 672 (5th ed. 1979). The abbreviation "*i.e.* ... introduces another way ... of putting what has been already said. It does not introduce an example, and when substituted for *e.g.* in that function ... is a blunder." H. Fowler, *A Dictionary of Modern English Usage* 263 (2d ed. 1983). *See* B. Garner, *A Dictionary of Modern Legal Usage* 208 (1987) (explaining the difference between *i.e.* and *e.g.*). *Cf. Redd v. Ingram,* 207 Va. 939, 154 S.E.2d 149, 151–52 (1967) (interpreting the term *that is to say,* which is "the English equivalent of *i.e.* or *id est*").

The accepted definition of the term *i.e.* indicates that the language used in the substantive part of the guideline was intended to restate the terms of § 844(h). Furthermore, the guideline tracks concept for concept the language of § 844(h). The statutory clause authorizing punishment for any person who "uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States," 18 U.S.C. § 844(h)(1) (1982), is identical in meaning to the guideline's reference to cases where "the defendant used fire or an explosive to commit another offense that is a felony under federal law," § 2K1.4(b)(4).

The statutory provision imposing sanctions on an individual who "carries an explosive unlawfully during the commission of any felony which may be prosecuted in a court of the United States," 18 U.S.C. § 844(h)(2) (1982), is functionally equivalent to the guideline's reference to cases where a defendant "carried explosives during the commission of any offense that is a felony under federal law," § 2K1.4(b)(4). This structural and substantive similarity strongly indicates that the Sentencing Commission intended the guideline to apply only where the defendant has violated § 844(h).

The government observes that the Commission could have expressly made this guideline applicable only to defendants convicted under 18 U.S.C. § 844(h) and suggests that its failure to do so should lead us to infer that the parenthetical was intended only as an example of the conduct covered by the guideline. However, we cannot disregard clear statutory language merely because the guideline could have been drawn more artfully. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980) (observing that "the language of the statute ... must ordinarily be regarded as conclusive," in the absence of "a clearly expressed legislative intent to the contrary").

In the proceedings before the district court, neither party raised the issue whether Sentencing Guidelines § 2K1.4(a) could be invoked against a defendant who had not been convicted of a violation of 18 U.S.C. § 844(h). Both parties acknowledge that the original sentencing hearing dealt exclusively with other arguments. The argument that prevailed on appeal was not presented to the court below.

The sentence is VACATED and the case is REMANDED to the district court for the imposition of a new sentence based upon the defendant's adjusted offense level of four. The defendant is ordered released on his own recognizance pending resentencing.

The mandate shall issue forthwith.