**UNITED STATES of America,**

v.

**Charles R. McLEMORE, Defendant.**

**Crim. No. 92–00108–B.**

United States District Court,
S.D. Alabama, S.D.

March 11, 1993.

Maria Stieber, Greg Bordenkircher, Asst. U.S. Attys., Mobile, AL, for plaintiff.

Paul Brown, Moore, Boller & Brown, Mobile, AL, for defendant.

### ORDER

BUTLER, District Judge.

#### I.

This matter is before the court on the motion of the defendant, Charles McLemore, for arrest of judgment under Fed.R.Crim.P. 34. The defendant was convicted by jury verdict of violating 18 U.S.C. § 924(h) by knowingly transferring a firearm knowing that such firearm would be used to commit a crime of violence, the murder of a former business associate. The defendant's motion contends that the indictment fails to state a federal offense.[1] The defendant now raises the same issue as his previous motions to dismiss, that an indictment under § 924(h) must allege a federal nexus, either interstate travel or commerce or an underlying federal offense. Although the court has already ruled on this issue, it is important enough to revisit.[2]

■ In the instant case, no interstate nexus was alleged in the indictment nor proven at trial;[3] the underlying crime of violence is not a federal offense. The issue before the court concerning the scope of activity prohibited by § 924(h) is apparently one of first impression.[4]

#### II.

Section 924(h) of Title 18 provides:

Whoever knowingly transfers a firearm, knowing that such firearm will be used to commit a crime of violence (as defined in subsection (c)(3)) or drug trafficking crime (as defined in subsection (c)(2)) shall be imprisoned not more than 10 years, fined in accordance with this title, or both.

Subsection (c)(3) of section 924 provides:

For purposes of this subsection the term "crime of violence" means an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection (c)(3) refers to crimes that are already codified as felonies and meet the above definition. It does not create substantive liability for those acts. Subsection (c)(2) specifically refers to federal drug trafficking offenses.

Subsection 924(h), if read in isolation, could prohibit the transfer of a firearm to commit a crime of violence regardless of whether the firearm or perpetrator travels interstate or whether the crime of violence is prohibited by state or federal law.[5] At the outset, the court would reject a challenge to the constitutional authority of Congress to regulate intrastate transfers of firearms that are used to commit state crimes of violence. Even the intrastate transfer of firearms has a direct effect on interstate commerce. *Cf.* 21 U.S.C. § 801(3) (outlining the effect of local drug offenses on interstate commerce); *Perez v. United States*, 402 U.S. 146, 91 S.Ct. 1357, 28

---

1. The indictment charges:
   On or about July 30, 1991, in the Southern District of Alabama, Southern Division, the defendant, Charles R. McLemore, knowingly transferred a firearm, namely a High–Standard Model D101, .22 caliber two shot, nickel plated derringer, Serial Number 2290098, to a person whom the defendant wanted to hire to commit murder, knowing that such firearm would be used to commit a crime of violence, to wit: the murder of a former business associate of the defendant.
   In violation of Title 18, United States Code Section 924(h).

2. As Justice Harlan (Ky.) noted, it is better to be right than consistent. *See* G.E. White, The American Judicial Tradition 133 (1978).

3. The evidence adduced at trial is, however, not relevant to a motion for arrest of judgment under Rule 34. *United States v. Sisson*, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970).

4. The only reported case on section 924(h), *United States v. Callaway*, 938 F.2d 907 (8th Cir. 1991), is inapposite because the court addressed only the issue of what constitutes a transfer of a firearm.

5. Conceivably, "crime of violence" could include foreign felonies that meet the definition of subsection (c)(3).

**434**

L.Ed.2d 686 (1971). Further, Congress already regulates the interstate sale and transfer of firearms. *See* 18 U.S.C. § 922.

Under the government's reading of the statute, the underlying crime of violence can be a state offense. However, the statute does not explicitly state that it applies to state crimes of violence, nor does it give a commerce clause based justification for why it would apply to a state crime of violence. *Cf.* 21 U.S.C. § 801(3). The term "crime of violence" is ambiguous because it could reasonably be read to include both state and federal crimes of violence or just federal crimes of violence. By reference to subsection (c)(2), subsection (h) applies to only federal drug offenses. Thus, the government's reading of the statute is that it applies to state and federal crimes of violence, but only federal drug offenses. The defendant's reading is presumably that it applies to only federal offenses. Neither interpretation would be contrary to the language of the statute.[6]

Because of the ambiguity, subsection 924(h) must be read *in pari materia* with the rest of the statute. Subsection 924(h) was enacted in 1988 with what is now subsection 924(g) as part of the Anti–Drug Abuse Act of 1988.[7] Subsection 924(g) provides:

> Whoever, with the intent to engage in conduct which—(1) constitutes an offense listed in section 1961(1), (2) is punishable under the Controlled Substances Act (21 U.S.C. 802 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 et seq.), (3) violates any State law relating to any controlled substance (as defined in section 102(6) of the Controlled Substances Act (21 U.S.C. 802(6))), or (4) constitutes a crime of violence (as defined in subsection (c)(3)), travels from any State or foreign country into any other State and acquires, transfers, or attempts to transfer, a firearm in such other State in furtherance of such purpose, shall be imprisoned not more than 10 years, fined in accordance with this title, or both.

Because these subsections were passed together, the term "crime of violence" presumably has the same meaning in both subsections. In subsection 924(g), Congress specifically applied the law to both state and federal drug offenses, but included crimes of violence without reference to state or federal law.[8] Because Congress was able to differentiate between state and federal drug offenses in other parts of section 924—and between state and federal offenses elsewhere in title 18, the failure to make a similar specific distinction with respect to crimes of violence in subsection 924(h) means that the court cannot tell whether such underlying crimes must be federal. *Cf.* 18 U.S.C. § 922(b)(2) (specifically stating that federally licensed firearms dealers may not sell or deliver a firearm to someone who the dealer knows is prohibited by state law from possessing or receiving a firearm); 18 U.S.C. § 1958 (creating a federal felony for use of interstate commerce facilities to commit murder in violation of state or federal law); 18 U.S.C. § 3142(e)(1) (specifically stating that this provision of the Bail Reform Act applies

---

6. As the title of § 6211 of P.L. 100–690—"Interdiction of Supply of Firearms to Drug Traffickers"—, which created this section, states, subsection 924(h) was likely intended to interdict the supply of arms to drug dealers by punishing anyone, licensed firearms dealers included, who knowingly transfer a firearm to someone who will use it in a drug trafficking offense. It is not clear, however, why state drug offenses are not included.

7. Anti–Drug Abuse Control Act of 1988, P.L. 100–690, § 6211. At the time, the sections were 924(f) and (g). In 1990, they were redesignated as sections 924(g) and (h), respectively. P.L. 101–647, § 3526.

8. Like subsection (h), this subsection refers back to subsection (c)(3), which subsection begins with a reference to (c)(1). With respect to a violation of subsection (c)(1), the crime of violence must be one that could be prosecuted in a court of the United States, i.e., a federal offense. *See Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); *cf.* 28 U.S.C. § 841 (defining "Court of the United States" with respect to title 28); *United States v. King,* 849 F.2d 1259, 1260 (9th Cir.1988) (referring to 18 U.S.C. § 844(h)(1), which creates an increased penalty for using an explosive to commit any felony that may be prosecuted in a court of the United States).

to both state and federal offenses that meet the requirements of subsection (f)(1)).

Reading subsection 924(h) in conjunction with the rest of section 924 does not support the government's position that a crime of violence includes state offenses. Section 924 is entitled "penalties." Whether this section creates liability or simply lists the penalties for violations of other statutes is an open question. *See United States v. Hill,* 971 F.2d 1461, 1463–64 (10th Cir.1992). The legislative history of subsection (c) suggests that it was a congressional effort to enhance the penalty for federal crimes for the use of a firearm. *See id.* at 1486–87 (Moore, J., dissenting). Furthermore, subsection (h) is the only subsection in section 924 that does not explicitly include either interstate commerce or travel or an underlying federal offense as an element.[9] Subsection 924(b), for example, applies to shipping, transporting, or receiving a firearm in interstate commerce with the intent or knowledge that it would be used to commit an offense punishable by more than a year in prison. It would be an anomaly for Congress to have intended for subsection 924(h) to have a much greater scope than the other subsections of section 924—and perhaps change the federal-state balance by criminalizing intrastate activity—without explicitly stating so.

The scant legislative history of subsection 924(h)[10] provides only little insight. Referring to both subsections 924(h) and (g), Senator Biden said, "This section [§ 6211 of P.L. 100–690] creates a new offense, punishable by imprisonment for 10 years, of traveling in interstate commerce and acquiring or transferring a firearm with the intent to commit a crime of violence or *other* serious federal offense including any drug offense." 134 Cong.Rec.S. 17360, 17363 (emphasis added).

Senator Biden's remarks imply that the crime of violence described in subsections 924(g) and (h) must be a federal offense.

The Anti–Drug Abuse Act of 1988, P.L. 100–690, which created subsection (h), amended subsection (c) to increase the penalties. When Congress enacted subsection (c) as part of the Gun Control Act of 1968, P.L. 90–618, it considered whether to apply the enhanced penalties to state crimes of violence. *See Hill,* 971 F.2d at 1475–76 (Moore, J., dissenting, citing H.R.Conf.Rep. No. 1956, 1968 U.S.C.C.A.N. at 4428). After deliberation, Congress decided to apply the law only to federal offenses. No such discussion is apparent in the genesis of subsection (h). However, when contrasted with Congress's previous consideration of a similar issue with respect to subsection (c), the failure of Congress even to consider whether subsection (h) applied to state crimes of violence implies that Congress did not intend to cover state crimes of violence. At the least, the legislative history does not evince an intent to cover state crimes of violence. Because there is no evident statutory purpose, the statute remains ambiguous. *See United States v. Cruz,* 805 F.2d 1464 (11th Cir.1986), *cert. denied,* 481 U.S. 1006, 107 S.Ct. 1631, 95 L.Ed.2d 204 (1987).

Because the statute is unclear about whether it applies to state crimes of violence, the rule of lenity dictates that the court must construe it narrowly. *See United States v. Bass,* 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971).[11] In this case, because Congress has not " 'plainly and unmistakably' ", *id.* at 348, 92 S.Ct. at 523 (citing *United States v. Gradwell,* 243 U.S. 476, 485, 37 S.Ct. 407, 411, 61 L.Ed. 857 (1917)), made

---

9. *Cf.* 18 U.S.C. § 922(g)(1), which prohibits a person convicted *in any court* of a crime punishable by more than one year in prison from possessing *in or affecting commerce,* any firearm. The other firearms regulations of 18 U.S.C. § 922 all have an interstate nexus. *See also* 18 U.S.C. § 3665, which provides for the disposal of weapons in the possession of a defendant convicted of a *federal offense.*

10. The Congressional Research Service was unable to locate any legislative history specific to subsection 924(h).

11. Another principle arguably supports this result. Under the government's reading of the statute, subsection 924(h) would criminalize conduct that might already be criminalized by state law, e.g., solicitation to commit murder. In such an instance, the court should construe the statute narrowly unless it is clear that Congress intended the potential overlap. *See Bass,* 404 U.S. at 349, 92 S.Ct. at 523; *Bell v. United States,* 462 U.S. 356, 363, 103 S.Ct. 2398, 2402, 76 L.Ed.2d 638 (1983) (Stevens, J., dissenting).

it a federal crime to knowingly transfer a firearm knowing that it will be used to commit a state crime of violence, the indictment is fatally deficient.[12] Although defendant's conduct was morally reprehensible, the court cannot tailor an ambiguous federal statute to fit that conduct.[13]

## III.

Because the indictment does not charge an offense punishable under 18 U.S.C. § 924(h),[14] the motion to arrest judgment is GRANTED. It is so ORDERED.

---

12. Another problem with the statute, not raised here, regards how a defendant could *know* that a firearm *would* be used to commit a crime of violence if, as here, no crime of violence is actually committed. *Cf. Booth v. State*, 398 P.2d 863, 872 (Okla.Crim.App.1965) (reversing a conviction for attempting to knowingly receive stolen property when the property was not actually stolen: "How could one know property to be stolen when it was not?"). In this case, no crime of violence was actually committed because, unbeknownst to the defendant, the recipients of the firearm were working for the police and did not intend to commit a crime of violence.

13. Murder for hire is a federal offense if there is an interstate travel nexus or the use of the mail or any interstate commerce facility. 18 U.S.C. § 1958. Because no interstate travel or commerce was involved in this case, the government could not charge the defendant under the statute that seems best targeted toward the defendant's conduct.

14. The court need not address the issue of whether some interstate travel or commerce nexus is required by the statute. Without such a requirement, section 924(h) seems incongruous with section 924(g). However, adding such a requirement would be to rewrite the statute. Congress should, perhaps, revisit the issue. Such an effort may already be underway. *See* 1993 S. 8, § 1464(14) (Version 1, Jan. 26, 1993).