**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Charles R. McLEMORE,**
**Defendant–Appellee.**

No. 93–6317.

United States Court of Appeals,
Eleventh Circuit.

Aug. 17, 1994.

---

Kristi D. Lee, Asst. U.S. Atty., Mobile, AL, Cynthia A. Young, U.S. Dept of Justice, Crim. Appellate Section, Washington, DC, for appellant.

Paul Brown, Moore, Boller & Brown, Mobile, AL, for appellee.

Before ANDERSON and BIRCH, Circuit Judges, and CONWAY *, District Judge.

BIRCH, Circuit Judge:

The United States challenges the district court's grant of the motion to arrest judgment of appellee Charles McLemore. Applying the rule of lenity, the district court granted McLemore's motion, holding that the statute under which McLemore was charged is ambiguous as to whether it applies to McLemore's conduct. The government argues that the statute was not ambiguous and, therefore, the rule of lenity is inapplicable and McLemore's conviction should stand. Because we find that the statute is ambiguous as it pertains to McLemore's conduct, we affirm the district court's grant of McLemore's motion for arrest of judgment.

## I. BACKGROUND

On December 16, 1992, a federal jury convicted McLemore of one count of transferring a firearm that he knew would be used to commit a crime of violence, in violation of 18 U.S.C. § 924(h).[1] The crime of violence was solicitation to commit murder. Following

---

* Honorable Anne Callaghan Conway, U.S. District Judge for the Middle District of Florida, sitting by designation.

1. Section 924(h) of Title 18 provides:
   Whoever knowingly transfers a firearm, knowing that such firearm will be used to commit a crime of violence (as defined in subsection (c)(3)) or drug trafficking crime (as defined in subsection (c)(2)) shall be imprisoned not more than 10 years, fined in accordance with this title, or both.
   18 U.S.C. § 924(h). Section 924(c)(3) provides: For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
*Id.* § 924(c)(3). Among other things, section 924(c)(1) provides for penalties when the underlying crime is a crime of violence, as described in section 924(c)(3), *which can be prosecuted in a federal court. Id.* § 924(c)(1).

this conviction, McLemore renewed his previous challenge to the indictment, asserting that it was invalid as it failed to allege, and the government failed to prove, a sufficient interstate commerce nexus. The district court refused to accept McLemore's argument that it was beyond the power of Congress to regulate purely intrastate transfers of firearms used to commit state-law crimes. It went on, however, to examine the scope of the statute, stating:

> Under the government's reading of the statute, the underlying crime of violence can be a state offense. However, the statute does not explicitly state that it applies to state crimes of violence, nor does it give a commerce clause based justification for why it would apply to a state crime of violence. The term "crime of violence" is ambiguous because it could reasonably be read to include both state and federal crimes of violence or just federal crimes of violence. By reference to subsection (c)(2), subsection (h) applies to only federal drug offenses. Thus, the government's reading of the statute is that it applies to state and federal crimes of violence, but only federal drug offenses. The defendant's reading is presumably that it applies to only federal offenses. Neither interpretation would be contrary to the language of the statute.

815 F.Supp. 432, 434 (S.D.Ala.1993) (citation omitted). Based on an analysis of the language and history of section 924(h), other subsections of section 924, and other portions of title 18, the district court concluded that it was unclear whether Congress intended to include a state law crime of violence as a basis for a violation of section 924(h). The district court, therefore, applied the rule of lenity and, pursuant to Federal Rule of Criminal Procedure 34, dismissed the indictment as failing to allege conduct that would constitute a violation of section 924(h).

McLemore does not dispute that the underlying crime, solicitation to commit murder, meets the elemental definition of a crime of violence provided in section 924(c)(3). The

sole issue is whether or not section 924(h) is ambiguous in its intention to allow a state-law crime to serve as a predicate "crime of violence" for prosecution under section 924(h).[2]

## II. DISCUSSION

### A. Language of the Statute

■■■ This appeal presents a difficult question of statutory interpretation, which requires us to look not just at the language of sections 924(h) and 924(c)(3), but also at the legislative history and the structure and intent of section 924 and title 18 generally. The statutory language is the starting point for interpreting the meaning of a statute. *Ardestani v. INS*, 502 U.S. 129, ——, 112 S.Ct. 515, 519, 116 L.Ed.2d 496 (1991). In interpreting the language of a statute, however, we do not look at one word or one provision in isolation, but rather look to the statutory scheme for clarification and contextual reference. *Smith v. United States*, —— U.S. ——, ——, 113 S.Ct. 2050, 2056, 124 L.Ed.2d 138 (1993).

■■■ The government argues that the language of the statute is clear and unambiguous on its face and that we need go no farther. Specifically, the government asserts that "[t]he plain language of subsection 924(h) proscribes the transfer of firearms for use in specified federal drug offenses and in both state and federal felony crimes of violence." Appellant's Brief at 12. Unfortunately, the language of sections 924(h) and 924(c)(3) is not so clear. Section 924(c)(3) begins its definition of "crime of violence" with the language, "[f]or purposes of this subsection." 18 U.S.C. § 924(c)(3). This language necessarily relates to section 924(c). Section 924(c)(1) employs the term "crime of violence" in creating a penalty for the use or carrying of a firearm "during and in relation to any crime of violence ... for which he may be prosecuted in a court of the United States." *Id.* § 924(c)(1). Hence, the defini-

---

**2.** McLemore also asserts that the failure of section 924(h) to require a federal or interstate commerce nexus places it beyond the commerce clause power of Congress and that the indictment was defective in its failure to allege a connection to interstate commerce. Because we hold that the statute is ambiguous as it applies to an underlying state-law crime of violence and is therefore inapplicable to McLemore, we do not reach these constitutional issues.

tion of "crime of violence" contained in section 924(c)(3) includes a reference to the federal limitation contained in section 924(c)(1).[3] We thus find that McLemore's reading of the statute "is no less plausible than the Government's." *Bifulco v. United States,* 447 U.S. 381, 389, 100 S.Ct. 2247, 2253, 65 L.Ed.2d 205 (1980). The language of section 924(h), therefore, does not clearly include or exclude state-law crimes of violence.

### B. Legislative History and Statutory Scheme

■ When a statute's language is not unambiguous on its face, we look to the legislative history and the statutory scheme. *See Moskal v. United States,* 498 U.S. 103, 109–13, 111 S.Ct. 461, 466–68, 112 L.Ed.2d 449 (1990); *Bifulco,* 447 U.S. at 389–91, 100 S.Ct. at 2253–54; *United States v. Bass,* 404 U.S. 336, 343–47, 92 S.Ct. 515, 520–22, 30 L.Ed.2d 488 (1971). Both parties and the district court concede that there is virtually no legislative history directly applicable to section 924(h).[4] The only direct remark on sections 924(g) and (h), which were passed together and, therefore, are properly analyzed together, is a remark by Senator Biden, who said: "This section creates a new offense, punishable by imprisonment for 10 years, of traveling in interstate commerce and acquiring or transferring a firearm with the intent to commit a crime of violence or *other* serious *federal* offense including any drug offense." 134 Cong.Rec. 17,360, 17,363 (1988) (emphasis added). The government seeks to downplay Senator Biden's use of the term "other serious federal offense" as being merely "an offhand reference." Appellant's Brief at 17. In addition, the government contends that this language more closely tracks section 924(g), not section 924(h), and, therefore, it should not be considered influential in an analysis of 924(h).

The content, meaning, and influence of Senator Biden's remarks are not particularly helpful to either party. It is true, as the government argues, that if he intended to say that sections 924(g) and (h) were limited to federal crimes, such proposition is difficult to square with the language of section 924(g), which includes as an offense the violation of certain state laws as delineated in 18 U.S.C. § 1961(1). However, it does seem to intimate an emphasis on federal crimes, at least when the underlying crime is not specifically identified as a state-law crime. In any event, the legislative history of section 924(h) is not dispositive.[5]

Finally, we look at the statutory scheme to see if it assists us in interpreting the language of section 924(h). Unfortunately, the remainder of section 924 does not resolve the

---

3. The government argues that to limit the definition of "crime of violence" in section 924(c)(3) to federal crimes would make the phrase "for which he may be prosecuted in a court of the United States" in section 924(c)(1) redundant. However, we do not hold that the definition of "crime of violence" in section 924(c)(3) is necessarily limited to federal crimes, but that the reference by section 924(c)(3) to section 924(c)(1), which contains the relevant limiting language, makes the language of the statute unclear on its face as to the scope of the term "crime of violence" in section 924(h). If a section of the statute used language such as "a crime of violence, as defined in subsection 924(c)(3), for which he can be prosecuted in any court of the United States or of any state thereof," we would not hold that the term "crime of violence" pertains only to federal crimes in that context. It is the contextual use which is unclear here. We thus do not find any redundancy in the language of section 924(c)(1).

4. Subsections 924(g) and (h) were originally passed as sections 924(f) and (g). Pub.L. No. 100–690, § 6211, 102 Stat. 4359 (1988). In 1990 they were redesignated as sections 924(g) and (h). Pub.L. No. 101–647, § 3526, 104 Stat. 4829 (1990).

5. The government argues that since the legislative history does not evince a clear intent to include only federal crimes of violence, "the plain meaning of the statute—that subsection 924(n) applies to transfers of firearms for use in state or federal crimes of violence—controls." Appellant's Brief at 18. Such a proposition is only applicable when the language of the statute is plain and unambiguous. The cases cited by the government deal with the situation where one party is attempting to overcome the plain meaning of a statute with contrary legislative history. *See Ardestani,* —— U.S. at ——, 112 S.Ct. at 520; *Aaron v. SEC,* 446 U.S. 680, 697–700, 100 S.Ct. 1945, 1956–57, 64 L.Ed.2d 611 (1980). As we have already held, however, the language of the statute here is neither clear nor unambiguous. Hence, McLemore need not make a strong showing of legislative intent to show ambiguity in this statute.

issue. Section 924(b) defines as a crime the movement of firearms in interstate commerce with the intent to use such firearms in an "offense punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(b). That term is specifically defined in section 921(a), and it is clear that it was intended to include some state-law crimes. *See* 18 U.S.C. § 921(a)(20) (specifically excluding certain state offenses from the term, thereby implicitly including others). That term, however, is not the one at issue in this case, and it includes a different definition and scope than the term "crime of violence." At best, section 924(b) shows that Congress, in passing section 924, was not concerned with firearm transactions *solely* in connection with federal crimes.

Subsection 924(c)(1), as discussed above, is limited in scope to "crime[s] of violence ... for which [a defendant] may be prosecuted in a court of the United States." 18 U.S.C. § 924(c)(1). That explicit federal crime limitation, however, is notable because it is the only federal nexus involved in that section. Unlike section 924(b), which required the firearm to move in interstate commerce, section 924(c)(1) requires only possession or use during certain federal crimes. Likewise, there is no interstate commerce or other federal nexus involved in section 924(h), save for the possible requirement that the underlying crime be federal in nature.

Section 924(g), passed along with section (h) as part of the Anti–Drug Abuse Act of 1988, is also instructive in this regard. That section specifically includes as predicate offenses certain state-law crimes, as defined in section 1961(1). Section 924(g), however, like section 924(b), explicitly requires the firearm in question to move in interstate commerce. The statutory scheme and its employment of a federal nexus in every section *except* section 924(h), if it is interpreted to include state-law crimes of violence, at least adds to the ambiguity, and at most supports McLemore's interpretation. For the purposes of this analysis, however, the fact that the statutory scheme does not add clarity to otherwise ambiguous language is adequate to support our holding that the statute is ambiguous.

Lastly, the district court also stated that "[b]ecause Congress was able to differentiate between state and federal drug offenses in other parts of section 924—and between state and federal offenses elsewhere in title 18, the failure to make a similar specific distinction with respect to crimes of violence in section 924(h) means that the court cannot tell whether such underlying crimes must be federal." 815 F.Supp. at 434. It is true that other parts of section 924, and of title 18, specifically distinguish federal and state crimes. The government, however, argues with some force that the fact that Congress does differentiate at times between federal and state crimes indicates that a failure to distinguish should mean that a statute was intended to include both federal and state crimes. In the end, however, Congress' demonstrated ability to distinguish between federal and state crimes in other parts of section 924 and other sections of title 18 provides no forceful support for either interpretation here. Congress could have, by its failure to distinguish here, implied that no distinction was to be made and that the term "crime of violence" as used in section 924(h) was intended to include both federal and state crimes. On the other hand, Congress may have intended that the explicit limitation of a crime of violence "for which he may be prosecuted in a court of the United States," contained in section (c)(1), and referenced by section (c)(3), was to apply to section 924(h) as well. Once again, Congress' intent is not clarified by the statutory scheme on this point.

Based on this analysis, we find section 924(h) to be ambiguous in regard to the issue of whether the term "crime of violence," as it is employed in that section, includes state-law crimes. The language of section 924(h) is not plain on its face. The legislative history is extremely sparse, and that which exists gives us little guidance as to the scope of the term "crime of violence" as it is used in section 924(h). Finally, the statutory scheme is similarly unhelpful. As a result, we cannot say with any degree of certainty whether the statute is intended to apply to state-law crimes of violence.

## C. Application of the Rule of Lenity

When a criminal statute is ambiguous in its application to certain conduct, the rule of lenity requires it to be construed narrowly. *Bass,* 404 U.S. at 347, 92 S.Ct. at 522. "[W]here there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant." *Id.* at 348, 92 S.Ct. at 523. Because Congress has not plainly and unmistakably included state-law crimes as predicate offenses in section 924(h), we apply the rule of lenity here. Such application renders the indictment fatally deficient. The district court, therefore, was correct in dismissing McLemore's indictment under Federal Rule of Criminal Procedure 34.

## III. CONCLUSION

Following a jury's guilty verdict, the district court held that the statute under which McLemore was convicted is ambiguous as to whether it applies to his conduct. As a result, the court applied the rule of lenity and dismissed his indictment, thereby nullifying his conviction. The government appealed, arguing that the statute was unambiguous and that therefore, the application of the rule of lenity was improper. After a review of the language, legislative history, and statutory scheme of section 924(h), we agree with the district court that section 924(h) is ambiguous as to whether it was intended to include a state-law crime as a predicate "crime of violence." Hence, the district court was correct in applying the rule of lenity and dismissing McLemore's indictment.

AFFIRMED.