United States Court of Appeals,

Eleventh Circuit.

No. 94-8239

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Rodger Dale JENKINS;  Ricky Edward Dyer, Defendants-Appellants.

July 19, 1995.

Appeals from the United States District Court for the Northern District of Georgia. (No. 4:93-00003-CR-01-HLM), Harold L. Murphy, Judge.

Before TJOFLAT, Chief Judge, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

In this case, which arose out of an elaborate kickback scheme, appellants were convicted on multiple counts of transporting stolen and fraudulent securities in interstate commerce, of conspiring to do so, and of engaging in money laundering.  Appellant Dyer challenges his convictions and sentences.  Appellant Jenkins challenges only his sentences.

Appellant Dyer contends that the district court erred:  (1) in denying his mid-trial motion to dismiss the indictment;  (2) in refusing to instruct the jury concerning the Government's alleged destruction of evidence;  and (3) in the comments it made (without defense objection) in the presence of the jury in response to an inappropriate argument Dyer's attorney was making to the jury. Dyer's contentions are patently meritless;  we therefore affirm his convictions.

Appellants argue that their sentences should be set aside for

two reasons.  First, that the district court erred in declining to group together counts 2-8 and 9-11.  We are not persuaded.

The offenses charged in counts 2-8 and 9-11 were appropriately grouped separately because transporting stolen goods (counts 2-8) and engaging in illegal monetary transactions (counts 9-11) are not the same type of offense or closely related under the facts.  First, the victims differed:  the counts 2-8 victim is World Carpet;  the counts 9-11 victim is society.  Second, different conduct is criminalized:  the elements of interstate transportation of stolen securities or fraudulently taken goods differ from the elements of money laundering.  Third, the offense level for counts 2-8 does not determine the offense level for counts 9-11.  Among other things, the separate guidelines applicable to these two groups of counts measure different harms (in addition to different conduct).  In sum, appellants' first argument is meritless.

We are persuaded, however, by appellants' second argument that the district court, in determining that the value of the funds involved in counts 9-11 totalled more than $100,000, erred in including kickbacks of less than $10,000.  Each of those counts charged a violation of 18 U.S.C. § 1957 and involved a check for more than $10,000 that Jenkins caused Excaliber to issue to Data Services and Supply (the entity Dyer established to launder the kickbacks) in payment of a false invoice.  Section 1957 is directed at a person who "knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000...."  It is unclear whether section 1957 applies only to single transactions exceeding $10,000 or includes

a series of transactions that total more than $10,000. If the former, the kickbacks that were less than $10,000 are not illegal, and the court erred in considering them in calculating the amount of the funds involved. When, as here, "a criminal statute is ambiguous in its application to certain conduct, the rule of lenity requires it to be construed narrowly." *United States v. McLemore*, 28 F.3d 1160, 1165 (11th Cir.1994). We therefore conclude that the court erred in including in its calculation the transactions not in excess of $10,000, and that the case must be remanded for resentencing.

AFFIRMED, in part; VACATED, in part, and REMANDED.