UNITED STATES of America, Plaintiff–Appellee,

v.

Gerald THOMAS, also known as Gerald Thompson, Defendant–Appellant.

No. 95–1788.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 14, 1995.

Decided Feb. 28, 1996.

Patrick Hansen, Andrew B. Baker, Jr. (argued), Office of the United States Attorney, Dyer, IN, for Plaintiff–Appellee.

Gary S. Germann, Clark W. Holesinger (argued), Portage, IN, for Defendant–Appellant.

Before CUMMINGS, BAUER, and ESCHBACH, Circuit Judges.

PER CURIAM.

Gerald Thomas appeals his sentence. Specifically, he challenges the conclusion of the district court that the mandatory five-year term of imprisonment under 18 U.S.C.

§ 924(c)(1) must be imposed consecutively to any prior state terms of imprisonment. We agree with the district court's conclusion, and affirm the judgment.

## I. Background

Gerald Thomas pleaded guilty to the use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). He had previously been sentenced in state court to two eight-year terms of imprisonment, to run consecutively. The only issue raised at sentencing for the federal conviction was how the mandatory five-year sentence under § 924(c) should relate to the state terms of imprisonment being served by Thomas. The district court, finding no authorities to the contrary, concluded that only a consecutive sentence was possible given the language of § 924(c). The court sentenced Thomas to 60 months in prison, the term to run consecutively to any previous state or federal sentence, and to be followed by 3 years of supervised release.

## II. Analysis

■■■ We review issues of statutory interpretation *de novo*. *United States v. Li*, 55 F.3d 325, 330 (7th Cir.1995). We review interpretation of the sentencing guidelines *de novo*. *United States v. Fones*, 51 F.3d 663, 665 (7th Cir.1995).

■■ 18 U.S.C. § 924(c)(1) reads, in relevant part:

> Whoever, during and in relation to *any crime of violence* ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ..., be sentenced to imprisonment for five years.... *Notwithstanding any other provision of law,* ... the term of imprisonment imposed under this subsection *[shall not] run concurrently* with *any other term of imprisonment* including that imposed for the crime of violence ... in which the firearm was used or carried.

(Emphasis added.)

The Sixth and Eleventh Circuits have concluded that a § 924(c) term of imprisonment must be consecutive to any state term of imprisonment. In *United States v. Ospina*, 18 F.3d 1332 (6th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2721, 129 L.Ed.2d 846 (1994), the Sixth Circuit determined that "the phrase 'any other term of imprisonment' is not ambiguous—it is simply broad. There is no basis to read a qualification into the statute, limiting its applicability to federal crimes." *Id.* at 1335. The Eleventh Circuit in *United States v. McLymont*, 45 F.3d 400 (11th Cir.) (per curiam), *cert. denied*, —— U.S. at ——, 115 S.Ct. 1723, 131 L.Ed.2d 581 (1995), likewise determined that " 'the plain language of [section 924(c) ] expressly states that a term of imprisonment imposed under section 924(c) cannot run concurrently with any other term of imprisonment, period. No exceptions are provided.' " *Id.* at 401 (quoting *United States v. Wright*, 33 F.3d 1349, 1350 (11th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 2262, 132 L.Ed.2d 268 (1995)). The language of the statute "clearly evinces a Congressional intent that the mandatory punishment be in addition to any other term of imprisonment...." *Id.*

By contrast, the Tenth Circuit in *Gonzales* held that the phrase "any other term of imprisonment" is ambiguous. *United States v. Gonzales*, 65 F.3d 814 (10th Cir.1995). *Gonzales* notes that on the one hand, this phrase could encompass both federal and state sentences alike. *Gonzales*, 65 F.3d at 820. "However, since this is a federal statute, with presumed concern for the treatment of federal crimes, the language could be read more narrowly to apply only to federal sentences, excluding state sentences from its scope." *Id.*

It is a well-established rule of statutory interpretation that words take their meanings from the context in which they appear. *E.g.*, *Deal v. United States*, 508 U.S. 129, 131-32, 113 S.Ct. 1993, 1996, 124 L.Ed.2d 44 (1993). However, *Gonzales* cited no cases for its proposition that a federal statute might be presumed to deal with solely federal subjects. Our research has not revealed any cases from the Supreme Court or our circuit announcing such a canon of construc-

tion.[1] The only basis for such a canon that we see is that "context" of a statute means in part the "subject matter" of the statute. *See United States Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc.,* 508 U.S. 439, 453–55, 113 S.Ct. 2173, 2182, 124 L.Ed.2d 402 (1993). Yet, Congress appears perfectly capable, at least in this area of law, of specifying that a provision relates to state or to federal matters. *See, e.g.,* 18 U.S.C. § 924(g). We see no need to consider rewriting the broad language of § 924(c) to say, instead, "any other federal term of imprisonment," merely because of a general presumption that Congress intends federal statutes to relate to federal subjects.

Moreover, not only does § 924(c) say "any other term of imprisonment," it says "any other term of imprisonment *including* that imposed for the crime of violence ... in which the firearm was used or carried." 18 U.S.C. § 924(c)(1) (emphasis added). In other words, the plain language of § 924(c) applies to sentences beyond that for the underlying crime: simply put, to "*any* term of imprisonment." *See United States v. Hunter,* 887 F.2d 1001, 1002–03 (9th Cir.1989) (per curiam).

*Gonzales* uses another phrase from § 924(c) to show the ambiguity of the statute, and to provide another reason to look to the legislative history. *Gonzales* observes that the statute employs a "roundabout locution, which negates the imposition of a concurrent sentence, rather than [ ] employ more conventional and straightforward declaratory language to require consecutive sentences." *Gonzales,* 65 F.3d at 820. The court in *Gonzales* decided to look to the legislative history to clear up what Congress meant by the "roundabout locution" of the phrase "[shall not] run concurrently." *Id.* However, there is no reason for our court to do likewise, since we have held that § 924(c) unambiguously requires a sentence that runs consecutively to any other term of imprisonment.

*United States v. Garrett,* 903 F.2d 1105, 1114–15 (7th Cir.), *cert. denied,* 498 U.S. 905, 111 S.Ct. 272, 112 L.Ed.2d 227 (1990); *see also Hunter,* 887 F.2d at 1003.[2] So, just as the phrase "any other term of imprisonment" is unambiguous in its application to state terms of imprisonment, so is the phrase "[shall not] run concurrently" unambiguous in its requirement of a consecutive sentence.

■ A court may look beyond the plain meaning of a statute when the "result it apparently decrees is difficult to fathom or where it seems inconsistent with Congress' intention." *Public Citizen v. United States Dep't of Justice,* 491 U.S. 440, 454–55, 109 S.Ct. 2558, 2567, 105 L.Ed.2d 377 (1989); *see also United States v. Ritsema,* 31 F.3d 559, 566–67 (7th Cir.1994). Accordingly, *Gonzales* suggests that interpreting § 924(c) to require a sentence consecutive to any state term of imprisonment would decree a result that is both "difficult to fathom" and "inconsistent with Congress' intention." *See Gonzales,* 65 F.3d at 820 (quoting *Public Citizen,* 491 U.S. at 454–55, 109 S.Ct. at 2567). *Gonzales* relies on a passage from the legislative history:

> [T]he Committee intends that the mandatory sentence under the revised subsection 924(c) be served *prior to* the start of the sentence for the underlying or any other offense. S.Rep. No. 225, 98th Cong., 2d Sess. 313–14, reprinted in 1984 U.S.C.C.A.N. 3182, 3492.

*Gonzales,* 65 F.3d at 820 (emphasis added). For the defendants in *Gonzales,* an approach that imposed a § 924(c) sentence consecutive to the state sentence and (as the Senate Report states) prior to the federal sentence for the underlying conduct "would more than double the custodial price that Congress and the Guidelines have set for committing the total criminal conduct engaged in by these defendants." *Id.* at 821. If, by contrast, the § 924(c) sentence were concurrent with the

1. The nearest case that we have found is *United States v. James,* 478 U.S. 597, 605, 106 S.Ct. 3116, 3121, 92 L.Ed.2d 483 (1986), which held that "flood" or "flood waters" unambiguously refers only to floods associated with federal flood control projects, in the context of a statute concerning federal flood control projects.

2. Our holding in *Garrett* accords with U.S.S.G. §§ 2K2.4(a) and 2K2.4 comment. (n. 1), which mandate a § 924(c) sentence be imposed to "run consecutively to any other term of imprisonment." U.S.S.G. §§ 2K2.4(a), 2K2.4 comment. (n. 1); *see also McLymont,* 45 F.3d at 401–02.

state sentence, and prior to the other federal sentence, the term would be the length of the state sentence, or longer if the federal sentences were longer than the undischarged state sentence. `See id.` According to *Gonzales*, such a reading of § 924(c) "does not at all depreciate the severity of the crimes involved," since "every defendant would be required to serve at least the combined term for the gun offense and the underlying federal offense." *Id.* (emphasis deleted).

Unlike *Gonzales*, we see no need to look beyond the statutory text, since the language of § 924(c) itself does not require a sentence prior to any other federal sentence, and thus does not decree the result that *Gonzales* considers "difficult to fathom." Since § 924(c) is unambiguous, and since its plain meaning does not produce an absurd result, there is no reason to look to the legislative history. *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149–50, 117 L.Ed.2d 391 (1992). In any event, the result described in *Gonzales* is not "difficult to fathom," since Congress could rationally have decided that the use or carrying of a firearm during or in relation to a crime of violence warranted a minimum term of imprisonment in addition to any other term of imprisonment imposed on the defendant. *See United States v. Carr*, 965 F.2d 176, 178 (7th Cir.1992) (a result is not "difficult to fathom" under *Public Citizen* if Congress could rationally have chosen that result). Moreover, Congress is allowed to "more than double the custodial price" that it normally sets, so long as the custodial price does not violate the Eighth Amendment or the equal protection component of the Due Process Clause. Thomas does not argue that a consecutive sentence would violate either constitutional clause, and, in any event, we do not believe that such an argument would succeed. *See Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Eighth Amendment); *United States v. Chandler*, 996 F.2d 917 (7th Cir.1993) (per curiam) (equal protection).

Thomas makes a final argument based on two cases that use legislative history to interpret the phrase "crime of violence" as meaning "federal crime of violence." *United States v. Mohammed*, 27 F.3d 815, 819–20 (2nd Cir.), *cert. denied*, — U.S. ——, 115

S.Ct. 451, 130 L.Ed.2d 360 (1994) (discussing phrase in § 924(c)(1)); *United States v. McLemore*, 28 F.3d 1160 (11th Cir.1994) (interpreting phrase in § 924(h), and referring to same phrase in § 924(c)(1)). Thomas concludes that likewise "any other term of imprisonment" must mean "any other federal term of imprisonment." However, this argument was properly rejected in *Ospina*. *Ospina* asserted that " '[o]nly the most extraordinary showing of contrary intentions from [the legislative history] would justify a limitation on the "plain meaning" of the statutory language.' " *Ospina*, 18 F.3d at 1335 (quoting *Garcia v. United States*, 469 U.S. 70, 75, 105 S.Ct. 479, 482, 83 L.Ed.2d 472 (1984)); *see In re Sinclair*, 870 F.2d 1340, 1341–44 (7th Cir.1989). Neither the piece of legislative history discussed in *Mohammed* nor the one discussed in *McLemore* deal at all with the phrase "any other term of imprisonment." *See Mohammed*, 27 F.3d at 820; *McLemore*, 28 F.3d at 1163. Thomas's "reliance on a single isolated bit of legislative history is repudiated by" the unequivocal language in the statute, "any other term of imprisonment." *Ospina*, 18 F.3d at 1335.

## III. Conclusion

Section 924(c) unambiguously requires a term of imprisonment consecutive to any other term of imprisonment, including state terms of imprisonment. Accordingly, the judgment is AFFIRMED.