**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul V. JONES, Defendant–Appellant.**

**No. 89–5586.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 12, 1990.
Decided May 10, 1990.

Becky Jo Moore, Land, Clark, Carroll & Mendelson, Alexandria, Va., for defendant-appellant.

Erika Wies Nijenhuis, Sp. Asst. U.S. Atty., Alexandria, Va., for plaintiff-appellee.

Henry E. Hudson, U.S. Atty., William G. Otis, Asst. U.S. Atty., on brief, for plaintiff-appellee.

Before RUSSELL and WIDENER, Circuit Judges, and HOFFMAN, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

DONALD RUSSELL, Circuit Judge:

The appellant, Paul V. Jones, was indicted on one count of possessing with intent to distribute in excess of five grams of cocaine-based substance in violation of 21 U.S.C. § 844(a), and one count of travelling interstate with intent to carry on an unlawful activity in violation of 18 U.S.C. § 1952. Pursuant to the plea agreement, the United States moved to dismiss Count II and to amend Count I to the lesser included charge, to which Jones pleaded guilty. The appellant was sentenced to a term of five years' imprisonment to be followed by two years' supervised release, and a $50.00 special assessment. We reverse.

## I.

The sole issue before this court is whether the sentencing provision of Section 844(a) confers upon the sentencing court the discretion to impose a fine rather than a five-year minimum jail term. Section 844(a) provides in relevant part:

... a person convicted under this subsection for the possession of a mixture or substance which contains cocaine base shall be fined under Title 18, or imprisoned not less than 5 years and not more than 20 years, or both, if the conviction is a first conviction under this subsection and the amount of the mixture or substance exceeds 5 grams....

At the sentencing hearing below, the government argued, and the district court held, that although the language of the statute is unambiguous, the use of "or" in the disjunctive when describing the minimum penalties for violation of the statute is simply a Congressional drafting error, and that the court was without authority to impose a fine instead of a prison sentence upon conviction under Section 844(a). The court therefore believed it was compelled to impose a sentence of five years.

The district court based its decision upon the so-called legislative history of the statute which rendered the statute ambiguous. There is nothing in the actual legislative history to support this contention, which would contradict the plain language of the statute.* See 134 Cong.Rec. H11233 (October 21, 1988); 123 Cong.Rec. H7704–5 (September 16, 1988). In the absence of clearly expressed legislative intention to the contrary, the plain language of the statute is to be recognized as conclusive. *Cf. United States v. James,* 478 U.S. 597, 106 S.Ct. 3116, 92 L.Ed.2d 483 (1987). The government argues that the unmistakable implication of the legislative history demonstrates an intent to preclude a fine as an exclusive punishment under this statute. We are unpersuaded, as we cannot imagine an " 'implication from legislative history' that is 'unmistakable' ... unless the parties have given assent." *Tafflin v. Levitt,* — U.S. —, —, 110 S.Ct. 792, 802, 107 L.Ed.2d 887, 903 (1990) (Scalia, J., concurring).

The statutory language before us is plain. We find no support in the Congres-

* The district court also considered the contents of a letter sent by Representative Shaw to Henry Hudson, United States Attorney for the Eastern District of Virginia. In that letter, Representative Shaw stated:

Shortly after the drug bill passed Congress, it was discovered that the word "or" was mistakenly inserted into the provision. The word "or" was placed after the words "shall be fined under title 18, United States Code," and before the words "not less than 5 years and not more than 20 years, or both." The effect of this mistake is to leave the impression that Congress intended to give a judge the choice between imposing a sentence of a fine or a minimum of five years in jail. As the author of this section, I can assure you that Congress did not have such an intent.

**1154**

sional record to support the contention of the government and accordingly decline to perform an act of impermissible legislation. This matter is one to be addressed, if at all, by Congress. The judgment of the district court is hereby

REVERSED AND REMANDED FOR RESENTENCING.