PUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 96-4122

JAMES FREDERIC CHILDRESS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Deborah K. Chasanow, District Judge.
(CR-95-213-DKC)

Argued: October 29, 1996

Decided: December 31, 1996

Before MURNAGHAN and MICHAEL, Circuit Judges, and
DOUMAR, Senior United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Reversed by published opinion. Judge Murnaghan wrote the opinion,
in which Judge Michael and Senior Judge Doumar joined.

_____

**COUNSEL**

**ARGUED:** John DeWitt Cline, RODEY, DICKASON, SLOAN,
AKIN & ROBB, P.A., Albuquerque, New Mexico, for Appellant.
Deborah A. Johnston, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee. **ON BRIEF:** Joseph G. Petrosinelli, Julie L.
Ferguson, WILLIAMS & CONNOLLY, Washington, D.C., for

Appellant. Lynne A. Battaglia, United States Attorney, Greenbelt, Maryland, for Appellee.

_____

**OPINION**

MURNAGHAN, Circuit Judge:

On October 27, 1995, a federal jury in the State of Maryland convicted James Frederic Childress of travelling with the intent to engage in a sexual act with a juvenile in violation of 18 U.S.C. § 2423(b). The district court sentenced Childress to five months of incarceration, five months home detention, a $5,000 fine, a period of supervised release, and a special assessment of $50. Childress has appealed contending that his conviction should be reversed because: (1) at the time Childress was indicted, tried, and convicted, the conduct in which Childress admittedly engaged was not a crime under 18 U.S.C. § 2423(b); (2) the government manufactured federal jurisdiction; (3) the district court erred in failing to instruct the jury on Childress' defense of entrapment; (4) the district court erred in refusing to strike a juror for cause; and (5) the district court erred in refusing to instruct the jury on the definition of reasonable doubt, and in prohibiting counsel from defining the term during closing arguments. For the reasons set forth below, we reverse Childress' conviction under 18 U.S.C. § 2423(b).

I.

FACTS AND PROCEDURAL HISTORY

For approximately six weeks prior to April 12, 1995, Federal Bureau of Investigation (FBI) Agent, Patricia Ferrante, participated in an undercover investigation called "Innocent Images" which targeted individuals sending child pornography across the internet. On April 12, 1995, Agent Ferrante, using the screen name One4Fun4U ("Fun"), signed onto America Online (AOL) and entered a chat room labelled "X Little Girl Gift". "Fun" claimed to be a 14 year old girl, named Crystal, residing in Landover, Maryland. While communicating with persons over AOL, Agent Ferrante received an insta-message**1** from

_____

**1** An insta-message is a private message that can only be viewed by the recipient.

2

Childress, a thirty-one year old male who represented himself to be twenty-five years old, using the screen name, "Sylliboy".

Thereafter, "Sylliboy" and "Fun" engaged in a conversation, during which "Sylliboy" continually asked "Fun" to meet with him offline. During the conversation, in response to "Fun's" inquiry as to what the two would do when they met, "Sylliboy" responded with graphic descriptions of sexual activities. The April 12, 1995 conversation ended with "Sylliboy" reminding "Fun" that he is free "tomorrow night and all [F]riday."

The next day, "Fun" again signed onto AOL. Prior to her signing on, Ferrante's supervisors made the decision that she should not attempt to contact Childress. Again, "Sylliboy" initiated contact with "Fun," inquired about meeting with her, and discussed sex in graphic terms with "Fun." The conversation ended with"Fun" agreeing to meet "Sylliboy" the next day at the Montgomery Mall in Maryland.

At about 12:30 p.m. on April 14, 1995, Childress left his apartment in Arlington, Virginia and drove to the Montgomery Mall. At approximately 2:30 p.m., FBI agents stationed in the vicinity of the Woodward and Lothrop store observed Childress at the meeting place and arrested him without incident. Agents searched Childress' car and recovered Childress' safe sex kit.[2] During a search of Childress' home, FBI agents obtained from Childress' computer AOL conversations between Childress and other minor females concerning meetings.[3]

On May 11, 1995, a grand jury in the District of Maryland returned an indictment charging Childress with one count of travelling in interstate commerce for the purpose of engaging in a sexual act with a minor, in violation of 18 U.S.C. § 2423(b). On August 14, 1995, the grand jury returned a superseding indictment charging the same offense.

_____

[2] Apparently, Childress habitually carries a bag containing protective sexual devices.

[3] These conversations included one with Tina1997, who was 15; Becky14, who was 14; and Sandy, who was 15.

Childress filed pretrial motions to dismiss the indictment on the basis that: (1) the statute under which he was charged, 18 U.S.C. § 2423(b), defined the key term "sexual act" by reference to a statute prohibiting sexual abuse resulting in death, and no evidence existed that Childress intended to, nor did engage in such conduct; and (2) Agent Ferrante improperly manufactured jurisdiction by, first, having determined that Childress lived in Virginia, then suggesting a meeting place in another state, Maryland.**4**

On August 16, 1995, the district court, in a written opinion, denied the first motion. Following an evidentiary hearing on September 28, 1995, the district court, by oral ruling, denied the second. On October 24, 1995, trial began and Childress advanced an alternate defense of entrapment. The district court declined to give an entrapment instruction. On October 27, 1995, the jury returned a guilty verdict. On February 5, 1996, the district court sentenced Childress to five months incarceration, five months home detention, a $5,000 fine, a period of supervised release and a special assessment of $50. Over the government's objection, the district court stayed the sentence pending appeal.

II.

DISCUSSION

Childress argued that the indictment should have been dismissed because the conduct in which he admittedly engaged was not a crime pursuant to 18 U.S.C. § 2423(b), under which he was convicted. Specifically, Childress maintained that the district court rewrote and expanded a critical provision of the statute to correct what the district court perceived to be an inadvertent drafting error by Congress. The district court's actions, Childress argued, "exceeded the district court's power, ignored settled principles of statutory construction, and violated Childress' Due Process right to fair notice."

In response the government argued that the district court properly interpreted 18 U.S.C. § 2423(b) by looking to the context in which the

_____

**4** An interstate component was needed to establish a federal crime.

statute was enacted, and that the district court's actions did not deprive Childress of his due process rights. Alternatively, the government contended that language contained in chapter 109A is broad enough to include the conduct in which Childress engaged. Issues of statutory construction are reviewed de novo. See United States v. Mitchell, 39 F.3d 465, 468 (4th Cir. 1994), cert. denied, 115 S.Ct. 2578 (1995).

A. Statutory Background of 18 U.S.C. § 2423(b)

18 U.S.C. § 2423(b) became law in 1994 as part of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1796 (1994). At the time of Childress' arrest, subsequent indictment, trial, and conviction, § 2423(b) provided:

> (b) Travel with intent to engage in sexual act with juvenile. -- A person who travels in interstate commerce, or conspires to do so, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, or conspires to do so, for the purpose of engaging in any sexual act (as defined in section 2245) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States shall be fined under this title, imprisoned not more than 10 years, or both.

(Emphasis added.)

The same statute that created § 2423(b) also created § 2245. Section 2423(b) appears at § 60002(g) of Pub. L. No. 103-322, see 108 Stat at 2037, and § 2245 appears at § 60010(a) of the statute, id. at 1972. Section 2245 of Title 18 -- to which § 2423(b) cross references -- provided that "[a] person who in the course of an offense under this chapter [109A], engages in conduct that results in the death of a person, shall be punished by death or imprisoned for any term of years or for life." 18 U.S.C. § 2245. Section 60010(a) of the Violent Crime Control and Law Enforcement Act of 1994 directs that new

5

§ 2245 be codified at 18 U.S.C. § 2245 and that the former § 2245 be redesignated as § 2246.**5**

The cross reference in § 2423(b), however, remained to the newly created § 2245, and not to § 2246, the former § 2245. As a result, Childress moved to dismiss the charge on the basis that the conduct of which he was accused did not constitute a crime under § 2423(b) because there was no allegation that he ever intended to commit a sexual act resulting in death. In denying Childress' motion, the district court concluded that the statutory language was not plain because the cross reference in § 2423(b) is for the purpose of defining the term "sexual act" in chapter 109A, and § 2245 does not contain a definition of the term "sexual act." Moreover, the court concluded that the "legislative intent is clear that the definition section of 109A was the intended cross reference." The court stated that"[i]n a bill as long as this one, failure to conform the changed section number in the cross reference, while unfortunate, is understandable and does not defeat the clearly expressed legislative intent."

_____

**5** Prior to passage of the Violent Crime Control and Law Enforcement Act of 1994, § 2245 [now § 2246] provided in relevant part:

(2) the term "sexual act" means --

(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs when penetration, however, slight;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. . . .

Clearly, if § 2246 were referred to, Childress would have fallen within the statute. The reference, however, was clearly and indisputably to § 2245.

6

Effective December 23, 1995, approximately eight months after Childress' arrest and two months after his trial, Congress moved to correct the error by amending § 2423(b) to change the cross reference from "section 2245" to "section 2246." Pub. L. No. 104-71, § 5, 109 Stat. 774 (1995). The legislative history accompanying the amendment provided that "[a]s a result of the enactment of new section 2245 [in Pub. L. No. 103-332], the cross reference in section 2423(b) was incorrect and should have been a reference to new section 2246." H. Rep. No. 90, 104th Cong., 1st Sess. 7, reprinted in 1995 U.S.C.C.A.N. 759, 764.**6** The statute now prohibits interstate travel "for the purpose of engaging in any sexual act (as defined in section 2246) with a person under 18 years of age . . . ." 18 U.S.C. § 2423(b). (Emphasis added.)

B. Interpretation of § 2423(b)

Childress contends that the district court took an"unprecedented step of rewriting and enlarging an element of a criminal statute and applying the statute (as judicially amended) retroactively to the defendant's conduct." Childress argues that the statute's language was plain in referencing § 2245, and the district court exceeded its powers to surmise that the Congress intended to reference§ 2246 instead.

Childress draws support for his argument from the decision in United States v. Jones, 902 F.2d 1152, 1153 (4th Cir. 1990). In Jones, the court was called upon to decide whether the sentencing provision of 21 U.S.C. § 844(a) confers upon the sentencing court the discretion to impose a fine rather than a jail term. Section 844(a) provided, in relevant part, that:

> a person convicted under this subsection for the possession of a mixture or substance which contains cocaine base shall be fined under Title 18, or imprisoned not less than 5 years and not more than 20 years, or both . . . .

(Emphasis added.) The district court concluded that the use of the word "or" was a Congressional drafting error, and thus, the court was

---

**6** At the time the district court ruled, the court noted that the amendment was then pending before Congress.

7

without authority to impose a fine instead of a prison sentence upon conviction under § 844(a). Id. at 1153. The district court, therefore, sentenced Jones to a sentence of five years. Id . In part, the district court's decision was based upon a letter apparently received from the author of the section in which the Congressman stated that "or" was mistakenly inserted into § 844. The insertion of the word "or," the Congressman contended, "leave[s] the impression that Congress intended to give a judge the choice between imposing a sentence of a fine or a minimum of five years in jail. As the author of this section, I can assure you that Congress did not have such an intent." Id.

Nevertheless, we concluded that the actual legislative history expressed no such intent, and "in the absence of clearly expressed legislative intention to the contrary, the plain language of the statute is to be recognized as conclusive." Id. Thus, we "decline[d] to perform an act of impermissible legislation," noting that Congress, not the courts, should address the matter. Id. at 1154. Hence, this Circuit reversed the district court, and remanded the case for resentencing. Id.

Following the decision in Jones, this court outlined the applicable approach to statutory construction of a criminal statute in United States v. Sheek, 990 F.2d 150 (4th Cir. 1993). In Sheek, we stated that:

> In determining the scope of a statute the court must first look to its language. The words of a statute are to be given their ordinary meaning . . . . Statutory construction must begin with the language of the statute and the court should not look beyond that language unless there is ambiguity or unless the unambiguously expressed legislative intent gleaned from the statute's legislative history . . .. Even if the result appears to be anomalous or absurd in a particular case, the court may not disregard unambiguous language . . . .
>
> This is a criminal statute which carries with it special rules of construction. It is a fundamental rule of criminal statutory construction that statutes are to be strictly construed and should not be interpreted to extend criminal liability beyond that which Congress has "plainly and unmistakenly" proscribed . . . . The accused lacks fair notice of criminal liabil-

8

> ity when it is based on some "unforeseeable judicial construction of the statute . . . . Thus, "ambiguities in a criminal statute must be resolved in favor of lenity for the accused."

Id. at 152-53.

Both Sheek and Jones make clear that the plain language of a criminal statute controls, unless (1) an ambiguity exists in the language of the statute, or (2) a literal reading of the statute would contravene the legislative intent. In addition, both cases also demonstrate that the contemporaneous legislative history should be consulted. As such, Congress' subsequent amendment of § 2423(b) to cross reference § 2246, instead of § 2245 can not control the outcome of the instant case, as the government argues. To the contrary, undoubtedly, Congress' intent was made "plainly and unmistakenly" clear by its amendment of § 2423(b) in December, 1995; unfortunately, that clarity of legislative intent was expressed only after Childress' arrest, indictment, trial, and conviction under the statute. See United States v. Price, 361 U.S. 304, 313 (1960) ("the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one."); Kofa v. United States Immigration & Naturalization Service, 60 F.3d 1084, 1089 (4th Cir. 1995) (citing Continental Can Co. v. Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund, 916 F.2d 1154, 1157-58 (7th Cir. 1990)) ("postenactment statements `do not count' because the term `subsequent legislative history' is an oxymoron.") Therefore, guided by the principles enunciated in Sheek and Jones , we now address the question of Congress' intent at the time of the passage of the statute.

1. Language of § 2423(b)

We begin with the language of the statute itself. See Consumer Prod. Safety Comm'n et al. v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980) ("starting point for interpreting a statute is the statute itself."); Sheek, 990 F.2d at 152-53; Davis v. Lukhard , 788 F.2d 973, 983 (4th Cir.) ("a court's preliminary point of inquiry must be the language that Congress employed.") cert. denied sub nom. Staton v. Lukhard, 479 U.S. 868 (1986). The language of the statute could not be more plain. Section 2423(b) plainly directs the reader to§ 2245 for a defini-

9

tion of a sexual act. Section 2245 speaks in terms of sexual abuse resulting in death. Childress was not charged with traveling interstate for the purpose of engaging in a sexual act resulting in death, and hence, the statute on its face does not prohibit Childress' conduct.

Relying on the statutory language that "any sexual act . . . with a person under 18 years of age that would be in violation of Chapter 109A" the government argues that the conduct prohibited by 18 U.S.C. § 2423(b) can be found by referencing Chapter 109A. Thus, the government maintains that the court must look to the entire Chapter 109A to interpret the statute. Chapter 109A, entitled Sexual Abuse, contains 18 U.S.C. §§ 2241-2248.

Plainly, the statute cross references § 2245 for a definition of the sexual act prohibited by the statute. The cross reference to § 2245 limits the scope of the prohibited conduct. Moreover, Chapter 109A does not contradict the cross reference to § 2245. A well-recognized canon of construction requires courts to read statutory provisions so that, when possible, no part of the statute is superfluous. See Virginia v. Browner, 80 F.3d 869, 876 (4th Cir. 1996) ("A court should not-- and we will not-- construe a statute in a manner that reduces some of its terms to mere surplusage."); George Hyman Constr. Co. v. Occupational Safety and Health Review Comm'n, 582 F.2d 834, 841 (4th Cir. 1978) ("traditional axiom that courts should not interpret statutes in a manner that renders terms of the statute superfluous").

If as the government argues, the conduct prohibited by § 2423(b) can be referenced by perusing through Chapter 109A, the parenthetical included within § 2423(b) would be superfluous. Furthermore, just as the court may not rewrite a statute due to a perceived Congressional drafting error, the court most certainly may not ignore the language contained in the statute. The statute as written at the time of Childress' offense did not prohibit his conduct, and accordingly, his conviction under 18 U.S.C. § 2423(b) can not stand.

2. Legislative History of § 2423(b)

Our inquiry, however, need not end with the language of the statute. If the language of the statute is unclear, the court may look to the legislative history for guidance in interpreting the statute. "Absent a

10

clearly expressed legislative intention to the contrary," Consumer Product, 447 U.S. at 108, however, the language of the statute must be considered conclusive. Sheek, 990 F.2d at 152-53; Lukhard, 788 F.2d at 983.

The government argues that a literal reading of the statute is at odds with Congress' intent in enacting the statute. We find the government's argument unpersuasive. Our independent research has not unearthed any clear legislative intent to support the district court's conclusion. Other than Congress' reference in § 60010(a)(1) of the Act that Chapter 109A of Title 18 should be amended "by redesignating [old] section 2245 as [new] section 2246," legislative history on the statute at issue is sparse. Indisputably, § 2245 prior to the passage of the Act contained the definitions for chapter 109A, including the definition of "sexual act." Congress' intent is clear that the Congress intended that old § 2245's definitions be recodified at new § 2246. What is not clear, however, is whether Congress also intended that § 2423(b)'s cross reference, which admittedly seeks a definition of a "sexual act," be to new § 2246, which at the time of Childress' offense is the only place that a definition of "sexual act" can be found. No contemporaneous legislative history exists to support the latter. Thus, even if we agreed that the language of the statute is unclear, and resort to legislative history was necessitated, the scant legislative history does not suggest a clearly expressed legislative intent contrary to the plain language of § 2423(b). Put otherwise, if Congress did not say what may appear more reasonable, and said something else, a court may not step in and perform a Congressional, i.e., legislative, act.

No legislative history exists to guide us away from arguably, "a result [that] appears to be . . . absurd," Sheek, 990 F.2d at 152-153, in light of Congress' subsequent amendment of the statute. We must interpret statutes as written, not as we may wish for them to be written. Congress' role is to enact statutes; the judiciary's to interpret those statutes as written. Therefore, the plain language of § 2423(b) did not prohibit Childress' conduct.

Accordingly, Childress' conviction must be reversed. **7**

_____
**7** Since we have reversed Childress' conviction on the statutory basis, no need exists to address Childress' other arguments on appeal.

11

III.

CONCLUSION

At the time of Childress' arrest, indictment, trial, conviction, and sentencing, 18 U.S.C. § 2423(b) by referring to § 2245, did not proscribe criminal liability for the conduct in which Childress engaged. The district court erred, in the absence of contemporaneous legislative history, in treating § 2423(b)'s cross reference to § 2245 as a mistake. At the time of Childress' conviction, application of the statute as written mandated a reversal of Childress' conviction. Accordingly, the judgment of the district court is

REVERSED.