UNITED STATES of America

v.

Eric J. COLEY

Civil No. HNM–96–2917.
Criminal No. MJG–91–0067.

United States District Court,
D. Maryland.

Feb. 19, 1997.

Lynne A. Battaglia, United States Attorney for the District of Maryland, Jamie M. Bennett, Assistant United States Attorney, Baltimore, MD, for government.

Harry D. McKnett, Columbia, MD, for Eric J. Coley.

## MEMORANDUM

MALETZ, Senior Judge.[1]

On October 22, 1991, defendant, Eric J. Coley, pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 942(c). The court sentenced Coley to 21 months imprisonment for the drug offense and five years imprisonment for the § 924(c) violation, the five-year term to run consecutively to the sentence imposed for the drug offense. Coley's entire federal sentence was ordered to be served consecutively to a previously imposed state court sentence.

Presently pending before the court is Coley's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (1994), *amended by* Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214. Coley contends that there were insufficient facts before the court from which it could find a factual basis for entering judgment on his plea of guilty to the § 924(c) violation. See Fed.R.Crim.P. 11(f). He also contends that the court erred in determining his sentence. For the reasons set forth below, the motion will be denied.

## I.

■ Coley's first claim is that there were insufficient facts before the court from which it could find a factual basis for his plea to using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). This claim is meritless because the court had before it the statement of facts contained in Coley's plea agreement, in which he admits that "he carried a firearm to protect his money, person and drugs during his drug trafficking activities."

■ Rule 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Fed.R.Crim.P. 11(f). A court has wide discretion in determining whether a factual basis exists. *United States v. Morrow*, 914 F.2d 608, 611 (4th Cir.1990). It may find a factual basis for a plea "from anything that appears on the record." *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir.1991), *cert. denied*, 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992).

To prove a violation of § 924(c), the government must make two showings. *Smith v. United States*, 508 U.S. 223, 227–28, 113 S.Ct. 2050, 2053–54, 124 L.Ed.2d 138 (1993). First, the government must show that the defendant "used or carried" a firearm. *Id.* Second, it must show that the defendant did so "during and in relation to" a crime of violence or drug trafficking crime. *Id.* Coley does not contest the first showing. That is, he concedes that sufficient facts support his plea of guilty under the "carrying" prong. He also does not deny that the carrying occurred "during" a drug trafficking crime. He does dispute whether his carrying of the firearm was "in relation to" the drug trafficking crime.

■ A firearm is carried "in relation to" the drug trafficking crime if it has "some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Smith*, 508 U.S. at 237, 113 S.Ct. at 2059. The firearm must facilitate, or have the potential of facilitating, the drug trafficking crime. *Id.* For instance, if the firearm is carried "for protection or intimidation," it is carried "in relation to" the drug

**1.** Of the United States Court of International Trade, sitting by designation.

trafficking crime. *United States v. Mitchell,* 104 F.3d 649, 653–54 (4th Cir.1997).

Coley claims that no evidence was before the court to support the conclusion that he carried the firearm "in relation to" the drug trafficking crime, "other than [his] statement in his written plea agreement that he did so." He argues that the circumstances surrounding his arrest do not support his statement in the plea agreement. Specifically, he points to the fact that "he was found to be in possession of the handgun following a traffic stop, not an arrest for a narcotics violation," that "there was no indication that, at the time of his arrest, [he] had just taken part, or was about to take part, in narcotics trafficking activity," and that "the cocaine [he] possessed was found in the locked trunk of his vehicle, whereas the handgun was found in the passenger compartment."

The court is satisfied that it did not abuse its discretion in accepting Coley's plea as being supported by sufficient facts. Coley pleaded guilty pursuant to a written, signed plea agreement in which he agreed to a statement of facts. He does not contend that his plea was entered involuntarily or that he otherwise did not agree to the statement of facts contained in the plea agreement. The statement of facts sets forth his admission that "he carried the firearm to protect his money, person and drugs during his drug trafficking activities." It supports the conclusion that the firearm potentially facilitated the drug trafficking crime and that its presence was not coincidental. The statement of facts is sufficient, standing alone, to support the court's conclusion that a factual basis existed for the plea. *See DeFusco,* 949 F.2d at 120. Accordingly, Coley's first claim is without merit.

## II.

■ Coley next contends that the court should have imposed his sentence for violating § 924(c) to run concurrently with his previously imposed state court sentence. He claims that the court erred in two manners in imposing this sentence: 1) the court should have required that the sentence for the § 924(c) violation be served before the sentence for the drug offense and 2) the court

should have ordered the § 924(c) sentence to run concurrently with the state court sentence. He relies on *United States v. Gonzales,* 65 F.3d 814 (10th Cir.1995), *cert. granted,* —— U.S. ——, 116 S.Ct. 2522, 135 L.Ed.2d 1047 (1996), which held that § 924(c)'s mandatory five-year sentence may run concurrently with an undischarged state sentence.

Section 924(c) provides, in pertinent part, that "[n]otwithstanding any other provision of law, ... the term of imprisonment imposed under [section 924(c) ] [shall not] run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried." 18 U.S.C. § 924(c). In *Gonzales,* the Tenth Circuit concluded that the phrase "any other term of imprisonment" was ambiguous, thus requiring the court to resort to the statute's legislative history. *Gonzales,* 65 F.3d at 820. In reaching its conclusion that the statute was ambiguous, the Tenth Circuit noted that the phrase "any other term of imprisonment" could encompass both federal and state sentences. *Id.* "However, since this is a federal statute, with presumed concern for the treatment of federal crimes, the language could be read more narrowly to apply only to federal sentences, excluding state sentences from its scope." *Id.* The Tenth Circuit further noted that the statute employs a "roundabout locution, which negates the imposition of a concurrent sentence, rather than ... more conventional and straightforward declaratory language to require consecutive sentences." *Id.*

The Tenth Circuit concluded from the legislative history that Congress intended for § 924(c)'s mandatory sentence to be served "prior to the start of the sentence for the underlying or any other offense." *Id.* at 820–21 (citing S. Rep. No. 225, 98th Cong., 2d Sess. 313–14, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3492). Given Congress' stated intent, the Tenth Circuit reasoned that "if a defendant is sentenced in state court first, there is no way in which a later-sentencing federal court can cause the mandatory five-year § 924(c) sentence to be served before a state sentence that is already being served." *Id.*

at 821. For this reason, the Tenth Circuit concluded that the phrase "any other offense" encompasses only federal offenses. *Id.*

The court declines to follow the reasoning of the Tenth Circuit in *Gonzales*. In the court's view, the language of § 924(c)(1) is unambiguous and resort to the statute's legislative history is therefore inappropriate. *See United State v. Childress*, 104 F.3d 47, 51–52 (4th Cir.1996) (recognizing that the plain language of a statute controls unless an ambiguity exists). *Accord United States v. Thomas*, 77 F.3d 989, 991 (7th Cir.1996) ("just as the phrase 'any other term of imprisonment' is unambiguous in its application to state terms of imprisonment, so is the phrase ' [shall not] run concurrently' unambiguous in its requirement of a consecutive sentence"); *United States v. McLymont*, 45 F.3d 400, 401 (11th Cir.) (" '[t]he plain language of [section 924(c) ] expressly states that a term of imprisonment imposed under section 924(c) cannot run concurrently with any other term of imprisonment, period. No exceptions are provided.' "), *cert. denied*, 514 U.S. 1077, 115 S.Ct. 1723, 131 L.Ed.2d 581 (1995); *United States v. Ospina*, 18 F.3d 1332, 1335 (6th Cir.), ("[t]he phrase 'any other term of imprisonment' is not ambiguous— it is simply broad. There is no basis to read a qualification further into the statute, limiting its applicability to federal crimes."), *cert. denied*, 512 U.S. 1226, 114 S.Ct. 2721, 129 L.Ed.2d 846 (1994).

The plain language of 18 U.S.C. § 924(c) mandates that a sentence imposed under that statute must run consecutive to "any other term of imprisonment." The court therefore correctly applied § 924(c) when it ordered the five-year term of imprisonment to run consecutively to Coley's previously imposed state term.

■ Even if the court were to conclude that § 924(c) permits the imposition of a term of imprisonment under that statute concurrent with a previously imposed state term of imprisonment, Coley would only be enti-

tled to relief if he could demonstrate that the court abused its discretion in imposing a consecutive sentence. See 18 U.S.C. § 3584(a); U.S. Sentencing Guidelines Manual § 5G1.3, comment. (Nov.1990). The instant offense was committed while Coley was serving a state probationary sentence for a drug offense. At the time of sentencing for the instant offense, his state probation for the prior drug offense had been revoked and a four year term of imprisonment imposed. Coley argues that the court should have imposed a concurrent sentence because the previously imposed state court sentence and the sentence imposed for the instant offense both arose from the same conduct. The court is not persuaded. The criminal conduct leading to revocation is distinct from the defendant's breach of trust in violating the conditions of his probation. See *USSG* Ch. 7 Pt. A intro. comment. "[T]he sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct." *Id.* The policy is stated in the introductory commentary to Part B of Chapter Seven: "It is the policy of the Commission that the sentence imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." *Id.* Ch. 7, Pt. B, intro. comment.

Because under Chapter Seven the court could have ordered that Coley's sentence for the instant offense run consecutively to his punishment for the probation revocation, had it been responsible for imposing both punishments, the court concludes that it did not abuse its discretion in ordering that Coley's sentence for violating § 924(c) be served consecutively to that imposed as a result of the state probation revocation.[2] Accordingly, his claim must be denied.

### III.

For the reasons set forth above, Coley is not entitled to relief on his claims brought pursuant to § 2255. Therefore, the motion is denied.

---

**2.** Guideline section 5G1.3 now provides that, if the defendant was on probation at the time of the instant offense, and his probation has been revoked, the sentence for the instant offense should

be imposed to be served consecutively to the revocation term "to provide an incremental punishment for the violation of probation." USSG § 5G1.3, comment. (n.6) (Nov.1995).

## ORDER

For the reasons set forth in the accompanying memorandum, it is ordered this *19th* day of February, 1997:

1) that the motion seeking to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255 be denied;

2) that a copy of this memorandum and order be sent to the parties.