**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas George MOORE, Defendant–**
**Appellant.**

No. 97–50238.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 2, 1998.

Decided Feb. 27, 1998.

Michael Tanaka, Deputy Federal Public Defender, Los Angeles, CA, for defendant–appellant.

Patricia A. Donahue, Asst. U.S. Atty., Los Angeles, CA, for plaintiff–appellee.

Before: PREGERSON, BEEZER and HALL, Circuit Judges.

BEEZER, Circuit Judge:

Thomas George Moore appeals his conviction pursuant to 18 U.S.C. § 2423(b) for interstate travel with intent to engage in a sexual act with a juvenile. Moore argues that at the time of his arrest, § 2423(b) did not prohibit his conduct. Moore also contends that law enforcement agents engaged in outrageous governmental conduct in order to secure his arrest. We have jurisdiction

pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we reverse.

## I

In February 1995 an undercover law enforcement agent, posing as the mother of three children, posted an advertisement on the internet. The advertisement read: "Divorced mother of 3 looking for someone who understands my family's unique needs. Servicemen preferred." Moore responded to the advertisement via e-mail and initiated a correspondence with the undercover agent that lasted three months and included more than 100 e-mail messages. Through these communications, Moore agreed to teach the agent's three fictitious children, a twelve-year-old girl, a ten-year-old boy and a seven-year-old girl, about sex. In June 1995 Moore drove from Seattle, Washington, to Long Beach, California, to meet with the undercover agent and begin the sexual education of her children. When Moore arrived at the meeting place he was arrested.

In November 1995 a grand jury indicted Moore for interstate travel with intent to engage in a sexual act with a juvenile in violation of 18 U.S.C. § 2423(b). Moore moved to dismiss the indictment. Among other things, Moore argued that the law enforcement agents responsible for his arrest engaged in outrageous governmental conduct. In his motion to dismiss, Moore did not argue that his conduct was not prohibited by 18 U.S.C. § 2423(b). The district court denied Moore's motion to dismiss. Moore entered a conditional plea of guilty, and timely appealed the denial of his motion to dismiss.

## II

On appeal, Moore contends that his conviction must be reversed because § 2423(b) did not prohibit his conduct at the time of his arrest. Specifically, Moore argues that § 2423(b) contained an inadvertent drafting error in its cross reference to the section defining sexual acts prohibited by the statute. At the time of Moore's arrest, § 2423(b) prohibited interstate travel for the purpose of engaging in any sexual act with a minor as defined by § 2245.[1] Section 2245 provided that any person who "in the course of an offense under this chapter, engages in conduct that results in the death of a person, shall be punished by death or imprisoned for any term of years or for life." 18 U.S.C. § 2245. Congress subsequently amended § 2423(b) to reference correctly the definition of the term "sexual act" contained in 18 U.S.C. § 2246.[2] Moore contends that at the time of his arrest his conduct was not prohibited by § 2423(b) because he never intended to engage in a sexual act resulting in death.

Because Moore did not raise this argument in the district court, we review for plain error under Federal Rule of Criminal Procedure 52(b). *Johnson v. United States,* —— U.S. ——, ——, 117 S.Ct. 1544, 1548, 137 L.Ed.2d 718 (1997); *United States v. Uchimura,* 125 F.3d 1282, 1286 (9th Cir.1997). Under Rule 52(b), we may correct defects in the district court proceedings if there is (1) an error, (2) that is plain, and (3) that affects substantial rights, even though the error was not raised in the district court. *Uchimura,* 125 F.3d at 1287. If these three elements are present,

---

**1.** At the time of Moore's arrest and conviction the full text of 18 U.S.C. § 2423(b) read:

(b) Travel with intent to engage in sexual act with juvenile. A person who travels in interstate commerce, or conspires to do so, or a United States citizen or alien admitted for permanent residence in the United States who travels in foreign commerce, or conspires to do so, for the purpose of engaging in any sexual act (as defined in section 2245) with a person under 18 years of age that would be a violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States shall be fined under this

title, imprisoned for not more than 10 years, or both.

**2.** Effective December 23, 1995, Congress corrected the error in § 2423(b) by changing the cross reference from § 2245 to § 2246. Pub.L. No. 104–71, § 5, 109 Stat. 774 (1995). The legislative history accompanying the amended statute recognized that "the cross-reference in section 2423(b) to section 2245 was incorrect and should have been a reference to new section 2246." H.R.Rep. No. 90 at 7 (1995), *reprinted in* 1995 U.S.C.C.A.N. 759, 764.

we have discretion to correct an error under Rule 52(b) "if the error seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings." *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993) (quoting *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)) (internal quotation marks omitted).

■ Where an individual is arrested and convicted under a statute that does not prohibit his conduct, the requirements of Rule 52(b) are met. *See Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974) (conviction and punishment for an act that the law does not make criminal "inherently results in a complete miscarriage of justice."). For the reasons stated in *United States v. Childress,* 104 F.3d 47 (4th Cir.1996), we hold that 18 U.S.C. § 2423(b) did not prohibit Moore's conduct at the time of his arrest. Accordingly, we reverse Moore's conviction. Because we reverse Moore's conviction on statutory grounds, we do not reach the issue of whether the government engaged in outrageous conduct. *See Childress,* 104 F.3d at 53 n. 7. The judgment of the district court is REVERSED.