**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francis Marion RAST, III,**
**Defendant–Appellant.**

**No. 00–4753.**

United States Court of Appeals,
Fourth Circuit.

Argued May 8, 2002.

Decided June 19, 2002.

**ARGUED:** Michael Patrick O'Connell, Stirling & O'Connell, Charleston, South Carolina, for Appellant. Scott Newton Schools, United States Attorney, Charleston, South Carolina, for Appellee.

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by published opinion. Judge MICHAEL wrote the opinion, in which Judge KING and Judge GREGORY joined.

## OPINION

MICHAEL, Circuit Judge.

Francis M. Rast pled guilty to the sexual exploitation of a child, a violation of 18 U.S.C. § 2251, for videotaping his girlfriend performing a sex act on Rast's sleeping 12–year–old son and then mailing a copy of the videotape to his girlfriend's employer. At sentencing the district court determined that the Sentencing Guidelines called for a sentence of imprisonment between 97 and 121 months and noted that the statute required a mandatory minimum sentence of ten years (120 months). Rast argued that the statute makes no sense as written because it seems to allow for either a fine or a minimum ten-year term of imprisonment and also because it contains what appears to be a drafting error. He asked the district court to disregard the ten-year mandatory minimum. The court refused, concluding that it could only sentence Rast within the range of 120 to 121 months. It then imposed a sentence of 120 months. Rast appeals his sentence, arguing that the district court erred by concluding that it lacked the discretion to sentence him to less than 120 months. Finding no error, we affirm the sentence.

As the district court recognized, its discretion at sentencing was limited not only by the statute, § 2251, but also by the Guidelines. We first consider the effect of the statute on the district court's sentencing options, and we then consider any additional limitations imposed by the applicable Guidelines. The penalty provision of

§ 2251 says that "[a]ny individual who violates ... this section [relating to the sexual exploitation of children] shall be fined under this title or imprisoned not less than 10 years nor more than 20 years, *and* both." 18 U.S.C. § 2251(d) (emphasis added). The statute is confusing in two respects. The first and most glaring problem is the phrase "and both." Whatever sentencing options Congress may have intended to provide, it made no sense to add "and both" at the end of this part of § 2251(d). If Congress had intended to permit a district court to impose just a fine, just imprisonment, or both a fine and imprisonment, then it would have said "fined ... or imprisoned ... or both." If, on the other hand, Congress had intended to require both a fine and imprisonment, it would have simply said "fined ... and imprisoned." It is hard to believe that Congress intentionally wrote "fined ... or imprisoned" and then added "and both" at the end to cancel out the "or." Although the government acknowledges the confusion, it urges us to read "and both" as requiring on its face both a fine and imprisonment. The confusing statutory language allows us to look beyond the text for clues about congressional intent. When, as in this case, "the language of the statute is unclear, [we] may look to the legislative history for guidance in interpreting the statute." *United States v. Childress*, 104 F.3d 47, 53 (4th Cir.1996). Section 2251(d) is consistently described in the legislative history as providing that a violator "shall be fined ... or imprisoned ... or both." H.R. Conf. Rep. No. 104–863, at 32 (1996). *See also* Sen. Rep. No. 104–358, at 4 (1996). The history never varies from using "or both," nor does it ever use the conjunction "and" to link "shall be fined" with "imprisoned." The phrase "and both" simply makes no sense in the context of this statute, and its presence must be the result of a drafting error. *See United States Nat'l Bank of Oregon v. Indep. Ins.*

*Agents of Am., Inc.*, 508 U.S. 439, 462, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993). As a result of this error, the phrase "and both" should be read as "or both," as Congress intended.

When the drafting error is corrected, the statute provides for an offender to be "fined ... or imprisoned not less than 10 years nor more than 20 years, [or] both." But even with this correction, the language is still odd. The plain meaning is that a district court has the discretion either to impose a fine or to impose imprisonment. However, if a district court chooses imprisonment, it must impose a minimum of ten years. It is not hard to figure out *what* the statute means—there is no ambiguity in the words "fined ... or imprisoned not less than 10 years"—it is just hard to imagine *why* Congress would require a minimum ten-year term if imprisonment is ordered, but in the same breath permit a district court to forgo the imprisonment option altogether and merely impose a fine. This is the second puzzling aspect of the statute.

Rast argues that given the statute's confusing language, we should disregard its ten-year mandatory minimum and remand for resentencing within the Guideline range, which here is 97–121 months. *See infra* at 6. He points to other criminal statutes in Chapter 110 of Title 18, relating to sexual exploitation and other abuses of children, that do not contain a ten-year mandatory minimum like § 2251(d). These similar provisions, Rast argues, outlaw conduct at least as reprehensible as that prohibited by § 2251, yet they do not contain mandatory minimums. According to Rast, this demonstrates that Congress must not have intended for § 2251 to contain a mandatory minimum sentence of any sort. We disagree. While the statute does have two confusing aspects, the ten-year mandatory minimum provision is not

one of them. The statute plainly provides for a term of imprisonment of "not less than 10 years nor more than 20 years." Regardless of whether Congress intended for the ten-year mandatory minimum to apply to all cases or simply as an alternative to a fine, § 2251(d) clearly establishes a ten-year mandatory minimum if the district court imposes any imprisonment. This part of the statute is unambiguous, and we cannot ignore its plain meaning.

This brings us back to the peculiar structure of § 2251(d), which allows a fine in lieu of imprisonment, but requires a term of "not less than 10 years" if imprisonment is imposed at all. We have dealt previously with a statute that was worded the same way. In *United States v. Jones,* 902 F.2d 1152 (4th Cir.1990), we considered 21 U.S.C. § 844(a), which outlaws and provides penalties for simple possession of controlled substances. At the time *Jones* was decided, § 844(a) provided that a person convicted for simple possession of crack cocaine " 'shall be fined under Title 18, or imprisoned not less than 5 years and not more than 20 years, or both.' " *Jones,* 902 F.2d at 1153 (quoting 21 U.S.C. § 844(a)). This language is identical in all relevant respects to Congress's intended language in § 2251(d). Faced with what § 844(a) said, the district court in *Jones* concluded that while "the language of the statute [was] unambiguous," the use of the disjunctive "or" to introduce the minimum five-year imprisonment language must have been a drafting error by Congress. *Id.* at 1153. The district court thus decided that it could not impose a fine instead of imprisonment, and it sentenced the defendant to the minimum prison term of five years. *Id.* We agreed with the district court that the statutory language was plain, but we explained that "[i]n the absence of clearly expressed legislative intention to the contrary, the plain language of the statute is to be recognized as conclusive." *Id.* Because we could not find anything in the legislative record to indicate that Congress meant anything other than what it had plainly said, we reversed the sentence and remanded for the district court to consider whether to impose only a fine or to impose a prison term of at least five but no more than twenty years. We concluded by saying that "[t]his matter is one to be addressed, if at all, by Congress." *Id.* at 1154.*

■ *Jones* requires us to accept the plain language of the statute before us today, § 2251(d), absent "clearly expressed legislative intention to the contrary." *Id.* at 1153. As noted above, the legislative history never describes § 2251(d) as requiring both a fine and imprisonment; rather, the provision is always described as permitting alternatives for punishment: a fine or imprisonment, or both. A few statements from Senators who objected to the proposed "mandatory minimum provisions" make up the only legislative history that might arguably indicate that § 2251(d) was understood to impose a fine *and* a mandatory minimum ten-year term of imprisonment. *See, e.g.,* Sen. Rep. No. 104–358, at 34 (1996) (minority views of Sen. Simon, Member, Sen. Comm. on the Judiciary). Even this bit of legislative history is ambiguous because it is not clear what the opponents were objecting to when they criticized the bill for imposing a mandatory minimum. Their opposition might have stemmed from a belief that the bill required both a fine and a minimum ten-year prison term for any violation of

---

* Shortly after *Jones* was decided, Congress amended 21 U.S.C. § 844(a) to provide that an offender "shall be imprisoned not less than 5 years and not more than 20 years, *and* fined a minimum of $1,000." Crime Control Act of 1990, Pub.L. No. 101–647, § 1201, 104 Stat. 4789, 4829 (emphasis added).

§ 2251. On the other hand, the objection could have been made with the understanding that if the sentencing judge chose the alternative penalty of imprisonment, the bill required a term of at least ten years. If the opponents objected with this (correct) understanding of the bill in mind, they were still objecting to a mandatory minimum of sorts. We therefore conclude that the opposition of a few Senators to § 2251(d)'s "mandatory minimum provision" does little to clarify the meaning of the statute and cannot supply the sort of clearly expressed legislative intention necessary to displace the statute's plain meaning. Section 2251(d) means just what Congress intended it to say: a district court may impose either a fine *or* imprisonment of not less than ten nor more than twenty years, or both.

■ If our *Jones* case was all we had to go by, we would remand this case for resentencing in light of the district court's discretion under § 2251(d) to impose a fine in lieu of ten to twenty years of imprisonment. Congress, however, has provided for the promulgation of the Sentencing Guidelines, and they must also be taken into account here. Congress requires the Sentencing Commission to "prescribe guideline ranges that specify an appropriate sentence for each class of convicted persons." U.S. Sentencing Guidelines Manual ch. 1, pt. A, at 1 (2001). Not only did Congress direct the Commission to come up with sentencing ranges, it also instructed the Commission to include direction in the Guidelines about the *type* of sentence to be imposed, that is, "whether to impose a sentence to probation, a fine, or a term of imprisonment." 28 U.S.C. § 994(a)(1)(A). The Guidelines allow punishment in the form of a fine and no imprisonment only when the offense level and criminal history category intersect in Zone A of the Sentencing Table (all of the sentencing ranges in Zone A are 0–6 months). *See* U.S.S.G. § 5C1.1(b) & cmt.

n. 2 ("In some cases [under Zone A], a fine appropriately may be imposed as the sole sanction."). When the minimum sentence under the sentencing range is greater than zero, some amount of confinement must be imposed. *See id.* §§ 5C1.1(c), (d). In such a case, the Commission has implicitly determined that a fine alone is not an appropriate sentence for the offense in question. *See United States v. Ortez,* 902 F.2d 61, 65–66 (D.C.Cir.1990) (explaining that by creating the Sentencing Table, the Commission has implicitly determined not only the appropriate sentencing range but also the type of sentence—fine, probation, or imprisonment—that may be imposed), *overruled on other grounds as recognized in In re Sealed Case,* 149 F.3d 1198 (D.C.Cir.1998); *United States v. Belgard,* 894 F.2d 1092, 1099–1100 (9th Cir.1990) (rejecting defendant's argument that when a statute authorizes either probation or imprisonment, the Guidelines must allow a sentencing court to impose either type of punishment).

■ Here, the district court determined that under the Guidelines Rast had an offense level of 30 and a criminal history category of I. Accordingly, under the Sentencing Table, Rast's sentencing range was between 97 and 121 months. U.S.S.G. ch. 5, pt. A. (Rast does not contest the calculation of this range.) While § 2251(d) appears to allow for either a fine or a prison term of between ten and twenty years, the Guidelines limit the available sentencing options in this case to prison terms between 97 and 121 months. Because Rast was not in Zone A of the Sentencing Table (0–6 months), the district court lacked the discretion to impose only a fine. In addition, under § 2251(d), if the court imposes any imprisonment for this offense, it must impose a prison term of at least ten years (120 months). Under the Guidelines, when the statutory minimum sentence is greater

than the minimum sentence of the Guidelines range, the district court must impose a sentence not less than the statutory minimum. U.S.S.G. § 5G1.1(c). The district court correctly determined that when considering both the Guidelines and the statute, the only sentencing option in this case was imprisonment for 120–121 months. Because the Guidelines foreclose the option of imposing solely a fine in this case, the district court properly determined that it lacked the discretion to consider the statutorily authorized fine in lieu of imprisonment. Likewise, because the statute requires that any term of imprisonment imposed be at least ten years, the district court properly determined that it lacked the discretion to sentence Rast to a term of imprisonment of less than 120 months. Thus, the district court did not err when it sentenced Rast to 120 months in prison. The sentence is

*AFFIRMED.*