**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-4430**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRYL EVANS,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Marvin J. Garbis, Senior District Judge. (CR-02-17-MJG)

———————————

Submitted:  May 28, 2004          Decided:  June 30, 2004

———————————

Before MICHAEL, KING, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

G. Arthur Robbins, CHESAPEAKE MERIDIAN, Annapolis, Maryland, for Appellant.  Thomas M. DiBiagio, United States Attorney, Ari S. Casper, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Darryl Evans seeks to appeal his conviction and 120-month sentence imposed after a jury found him guilty of ten counts of knowingly shipping child pornography in interstate commerce by means of a computer, two counts of publishing a notice offering to buy or exchange child pornography and one count of possession of child pornography. See 18 U.S.C. §§ 2252A(a)(1), 2252A(a)(5)(B), 2251(c)(1)(A), 2251(d), and 2256 (2000).

Evans' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but raising four potential issues: (1) whether statements Evans made to Government officials should have been suppressed; (2) whether Evans knowingly and intelligently waived his right to counsel; (3) whether Evans was properly subjected to the ten-year mandatory minimum sentence set forth in 18 U.S.C. § 2251(d); and (4) whether the Government condones child pornography by not shutting down all internet "chat rooms" that may pertain to child pornography. Evans has filed a supplemental brief, alleging that he should not have been subjected to the ten-year mandatory minimum, his sentence is excessive when compared with the sentences received by similarly situated offenders, and his standby counsel was ineffective.

We have reviewed the record and conclude that the district court did not err in refusing to suppress statements Evans

made to Government officials. Evans made the statements, which indicated his culpability, voluntarily and, at one point, even after having been advised by his counsel not to speak. A review of the record also discloses that Evans knowingly and intelligently waived his right to counsel. See United States v. Jennings, 323 F.3d 263, 275 (4th Cir.), cert. denied, 124 S. Ct. 531 (2003). Additionally, Evans was properly subjected to the ten-year mandatory minimum sentence set forth in § 2251(d). See United States v. Rast, 293 F.3d 735, 737-38 (4th Cir. 2002). Evans has not demonstrated that other offenders, convicted under § 2251(d), were not also subjected to the mandatory minimum sentence. Counsel's suggestion that the Government's failure to eliminate child pornography from the internet is tantamount to condonation of the crime is patently meritless. Finally, Evans' allegation that his standby counsel was ineffective is not appropriately raised on direct appeal. Evans is free to raise this claim in the district court in a motion under 28 U.S.C. § 2255 (2000). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

In accordance with Anders, we have reviewed the entire record in this case, including the transcripts, and have found no meritorious issues for appeal. We therefore affirm Evans' conviction and sentence. We deny the motion to withdraw as counsel at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the

- 3 -

United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation at that time.  Counsel's motion must state that a copy thereof was served on Evans.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED